NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DIAN QIN,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   15-72342

Agency No. A200-273-501

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 22, 2021**
Pasadena, California

Before:  KLEINFELD, R. NELSON, and VANDYKE, Circuit Judges.

Dian Qin, a citizen of China, petitions for review of an order of the Board of

Immigration Appeals ("BIA") upholding the denial of her claims for asylum and

withholding of removal under the Immigration and Nationality Act and relief under

the Convention Against Torture ("CAT").  "We have jurisdiction under 8 U.S.C.

---

*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252," *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017), and deny the petition.

"We review factual findings, including adverse credibility determinations, for substantial evidence." *Id.* (quoting *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014)). "In assessing an adverse credibility finding . . . we must look to the totality of the circumstances and all relevant factors." *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc) (cleaned up). To reverse, "we must find that the evidence not only supports a contrary conclusion, but compels it." *Wang*, 861 F.3d at 1007 (cleaned up).

Substantial evidence supports the BIA's adverse credibility determination. At the hearing, Qin testified that Chinese police arrested her at a house church meeting on July 1, 2011. During the two days she was detained, police slapped her, beat her with a baton, and ordered her to sign a document admitting her guilt. Qin claims that she decided to leave for the United States after her release and hired a "broker" who helped her apply to the University of Dayton and falsify documents for a student visa. But the record tells a different story. According to public records from the University of Dayton, the deadline for international applications was May 1, 2011. And a reference letter supporting Qin's college application was dated June 21, 2011—ten days before the arrest that purportedly prompted Qin's plan to travel to the United States. In addition, Qin's visa application says that she took the TOEFL

2

exam before coming to the United States but Qin repeatedly testified that she never took the exam. Qin's explanation that the broker prepared these documents is insufficient; she has not explained how the broker could have prepared documents for Qin's escape before she was hired.

The IJ also determined that Qin's demeanor reflected a lack of candor. The IJ found Qin's testimony extremely rehearsed and unnatural. In fact, Qin herself admitted to having memorized her testimony before the hearing. We give "special deference" to an IJ's observations about demeanor, *Kumar v. Garland*, --- F.4th ----, 2021 WL 5575647, at *5 (9th Cir. 2021); "[a]ll aspects of the witness's demeanor, including . . . the modulation or pace of his speech and other non-verbal communication—may convince the observing trial judge that the witness is testifying truthfully or falsely." *Id.* (quoting *Huang v. Holder*, 744 F.3d 1149, 1153 (9th Cir. 2014)). Taken together, the IJ's findings regarding Qin's contradictory testimony and demeanor provide substantial evidence to sustain the adverse credibility determination. *See Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014).

Qin also argues that the BIA erred by failing to apply the notice and explanation requirements of *Ren v. Holder*, 648 F.3d 1079, 1090–93 (9th Cir. 2011). But because the IJ's adverse credibility determination is supported by substantial evidence, *Ren*'s notice and explanation requirements do not apply.

3

Qin's claim for CAT protection also fails. While the IJ's adverse credibility finding sufficiently supports the denial of both asylum and withholding of removal, "[a]n adverse credibility determination is not necessarily a death knell to CAT protection." *Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010) (citation omitted). We review for substantial evidence the BIA's determination that Qin is not eligible for CAT protection. *Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021). To receive CAT protection, Qin must prove that it is more likely than not that she would be tortured if removed to China. *See id.*; 8 C.F.R. § 1208.16(c)(2). And for us to grant her petition, the record must compel that conclusion. Qin argues that her testimony and a State Department country report make that showing. But the IJ already determined that her testimony was not credible, and—without more—general country reports are insufficient to show a particularized risk of torture if Qin were removed to China. *See Lalayan*, 4 F.4th at 840. Qin's hospital records and the letter from her mother do not overcome her burden; the hospital record indicates that she had bruises from being beaten by an unspecified group of "others," and the letter states only that the police have threatened to "sentence her severely." Ultimately, the fact that Qin suffered harm in the past does not necessarily mean she would be tortured in the future, *see Singh v. Whitaker*, 914 F.3d 654, 663 (9th Cir. 2019); *Guo v. Sessions*, 897 F.3d 1208, 1217 (9th Cir. 2018) (allegation that petitioner would be arrested upon return to China does not establish likelihood of being tortured), and

4

the record does not prove it is more likely than not that Qin would be tortured if she returned to China.

**PETITION DENIED.**